

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROGER SCOTT BRYNER, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF UTAH et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:08-cv-463 CW-SA <br><br> Judge Clark Waddoups <br><br> Magistrate Judge Samuel Alba |

## INTRODUCTION

The Plaintiff, Roger Scott Bryner, *pro se*, filed this civil rights suit under 42 U.S.C. § 1983 claiming that his constitutional rights were violated in various interactions with the bailiffs and other personnel in the Utah Third District Court from 2006 until April 18, 2007 when he was arrested for criminal trespass and disorderly conduct. He was allowed to proceed *in forma pauperis* and the complaint was screened under 28 U.S.C. §§ 1915. The claims against the State of Utah were previously dismissed with prejudice.[1] Defendant, Deputy Michael T. Rowley, moved to dismiss the complaint on the grounds that the court lacks subject matter jurisdiction under *Heck v. Humphrey*, 512 U.S. 477 (1994) and under the Rooker-Feldman Doctrine and that Plaintiff has failed to state a claim upon which relief may be granted.[2] The case was referred to Magistrate Judge Samuel Alba under 28 U.S.C. § 636 (b)(1)(B), who issued a Report and Recommendation that the case be

---

[1] Dkt No. 20.

[2] Dkt. No. 4.

dismissed.[3] Bryner filed an objection to which the Defendant has responded.[4] The court has reviewed the motion and supporting memoranda *de novo*, including viewing the DVD of the incident. The court now overrules the objection and accepts the recommendation that the case be dismissed.

## BACKGROUND

On April 18, 2007, Bryner went to the Utah Third District Courthouse to file papers in a civil case pending against him. While in the clerk's office, he became involved in a verbal exchange with the court personnel about where he was required to file the papers and how he should go about scheduling a hearing. The deputy sheriffs were summoned and Bryner was directed to leave the building. As the deputies were escorting Bryner from the courthouse, he became resistant. Consequently, the deputies arrested him for criminal trespass, a class B misdemeanor, and disorderly conduct, a class C misdemeanor. Bryner was convicted in justice court on both counts, but has appealed. Under Utah law, a plaintiff who appeals a justice court conviction is entitled to a trial *de novo* in the district court.[5] Bryner has not been retried and the criminal charges against him remain pending.

Bryner alleges that the officers used excessive force in his arrest, denied him access to the courts by not allowing him to file his papers on April 18, 2007,[6] and that a digital recording he had

---

[3] Dkt. Nos. 25 and 30.

[4] Dkt Nos. 31 and 32.

[5] *See, e.g., Lucero v. Kennard*, 2004 UT App 94, ¶ 9, 89 P.3d 175.

[6] Bryner filed the papers the next day, April 19, 2007, without incident. There is no evidence in the record that the one-day delay had any impact on the outcome in his civil litigation.

made of the events was taken from him during the arrest and erased by Officer Rowley.[7] Bryner further alleges that he was harassed by bailiffs and other court personnel beginning in 2006 when he attempted to exercise his free speech to oppose the re-election of a state judge and inhibited in accessing the courthouse to do research and other actions.

In an apparent attempt to address deficiencies in the Complaint, Bryner filed a proposed Amended Complaint, but missed the deadline. Magistrate Judge Alba nevertheless considered the sufficiency of the proposed Amended Complaint and concluded that it fails to state a claim upon which relief can be granted. Magistrate Judge Alba correctly observed that the proposed Amended Complaint is convoluted and confusing. He concluded, after liberally construing the allegations, that Bryner appears to assert two causes of action that claim that the Utah Government Immunity Act is unconstitutional (1) to the extent it precludes Bryner from seeking damages for prosecution once the *Heck* limitations against proceeding are resolved and (2) to the extent it precludes Bryner from seeking damages for prosecution for contempt. Magistrate Judge Alba concluded that Bryner has failed to meet his burden in pleading these causes of action and they must fail.

Magistrate Judge Alba further attempted to ascertain whether the proposed Amended Complaint could be liberally construed to assert claims under § 1983 for violations of his First, Sixth, and Fourteenth Amendment rights, for wrongful arrest, denial of access to the courts, wrongful imprisonment, malicious prosecution, abuse of process, excessive process and intentional infliction of emotional distress. Magistrate Judge Alba found no basis on which Bryner could proceed with

---

[7] Bryner formulates his claim for damages in various ways, but the essence of all his claims is reflected in these three assertions.

his claims and recommended dismissal.

Bryner objects to the Report and Recommendation on the ground, among others, that the court must first determine if it has jurisdiction and, if it concludes under *Heck* that it lacks jurisdiction, dismiss the complaint without prejudice.

## ANALYSIS

In *Heck*, the United States Supreme Court addressed whether a § 1983 action may be used by a plaintiff to obtain a civil remedy after having been convicted of a criminal violation. The plaintiff in that case did not seek release from prison for his conviction, but sought damages. The Court rejected the claim, holding that a plaintiff seeking to recover damages for an allegedly unconstitutional conviction must first obtain a reversal of that conviction by direct appeal or otherwise have it declared invalid.[8] In this case, *Heck* requires the court to answer two questions. First, have the criminal charges against Bryner been resolved in his favor and, second, would Bryner's § 1983 claims necessarily invalidate the criminal charges against him?

Bryner argues that his conviction in justice court has been overturned by his filing an appeal.[9] Although Bryner's appeal of the conviction entitles him to a trial *de novo*, it does not finally resolve the criminal charges against him. In *Heck*, the Court made clear that to state a valid § 1983 action under such circumstances, the plaintiff must allege that the criminal action has been terminated in favor of the accused.[10] Bryner argues that if *Heck* applies in his case the effect is to deny the court

---

[8] *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).

[9] Bryner Mem. in Opp'n to Mot. to Dismiss, at 5 (Dkt. No. 9).

[10] *Heck*, 512 U.S. at 484.

jurisdiction. The Court in *Heck*, however, does not reject the claim for lack of jurisdiction, but rather concludes that until the criminal charges have been resolved in favor of the plaintiff, the § 1983 action does not come into existence.[11] Thus, unless Bryner can avoid the limitations imposed by *Heck*, his Complaint fails for failure to state a cause of action.

This conclusion requires the court to answer the second question: would the § 1983 action necessarily invalidate the criminal charges against him? Bryner argues that he is not seeking to be released. Instead, he is seeking damages for excessive force, denial of access to the courts, and the destruction of evidence. In *Heck*, the Court explained:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.[12]

Bryner asserts some causes of action that necessarily imply the invalidity of his arrest and conviction. For example, Bryner apparently attempts to plead that he has been wrongfully arrested and imprisoned. Both claims depend upon a resolution of the criminal charges against him and fail due to failure to state a cause of action. Bryner's remedy, however, is not dismissal for lack of jurisdiction, but dismissal for failure to state a claim.

As to some of Bryner's alleged causes of action, however, a liberal construction of his

---

[11] *Id.* at 489.

[12] *Id.* at 487 (emphasis in original) (citations omitted).

pleading may allow an argument that his injury was separate and independent of the criminal charges against him. For example, Bryner's challenge to the constitutionality of the Utah Government Immunity Act may survive even if Bryner is again convicted in his *de novo* trial of the criminal charges against him. Thus, Magistrate Judge Alba correctly considered whether Bryner had stated meritorious claims for each of these asserted causes of action. In his objection, Bryner fails to establish that the Report and Recommendation is clearly erroneous or contrary to law. The court therefore accepts and adopts both the reasoning and conclusion of the Report and Recommendation.

## **ORDER**

For the reasons set forth above, the court hereby,

1. Accepts and adopts the Report and Recommendation of the Magistrate Judge; and

2. Dismisses the complaint with prejudice.

DATED this 17th day of June, 2010.

BY THE COURT:

Clark Waddoups
United States District Judge